IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00418-BNB-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROHIT SETHI,
CHARLES ELROY VANCURA, a/k/a CHUCK VANCURA, and
JAMES BRYAN VANCURA,

Defendants.

_____

**ORDER**
_____

This matter arises on the **Joint Motion to Amend Scheduling Order** [Doc. # 32, filed 3/18/2009] (the "Motion"). The Motion is DENIED.

The parties seek to extend the discovery cut-off by 3-1/2 months, from December 31, 2008, to April 15, 2009; to extend the dispositive motion deadline by nearly four months, from January 30, 2009, to May 20, 2009; and to vacate indefinitely the pretrial conference scheduled for March 31, 2009. In support of the Motion, the parties state the following:

> 7. Pursuant to the Scheduling Order, Plaintiff has completed its discovery.
>
> 8. Defendants have completed their discovery, except for the taking of the depositions of four individuals, including a representative of Pueblo Bank & Trust, a former employee of SCEDD Development Company, and the sellers of the subject property, Joseph and Barbara Wojdula.
>
> 9. Defendants have encountered issues in identifying and locating some individuals identified in paragraph 8, including the present location of former employees of SCEDD Development Company

> who had knowledge of the underlying transaction.
>
> 10. Plaintiff did not file a timely dispositive motion for the reason that Plaintiff was waiting to file its dispositive motion until after Defendants had deposed the individuals identified in paragraph 8.

Motion [Doc. # 32] at p.2.

A Scheduling Order [Doc. # 18] was entered on June 10, 2008, which gave the parties six months to conduct discovery and required that dispositive motions be filed approximately one month after the close of discovery. The deadlines established in the Scheduling Order conform to the norms applied in this district. Under ordinary circumstances, six months is sufficient time to complete discovery in a case like this, and an additional month for filing dispositive motions after the close of discovery also is sufficient. The parties do not argue to the contrary. Instead, the defendants indicate that they have not taken the depositions of (1) a representative of Pueblo Bank & Trust, (2) a former employee of SCEDD Development Company, and (3) the sellers of the subject property, Joseph and Barbara Wojdula, because they "have encountered issues in identifying and locating . . . former employees of SCEDD Development Company who had knowledge of the underlying transaction." Motion at ¶¶8-9. There is no indication that the defendants could not identify or locate the representative of Pueblo Bank & Trust or Joseph and Barbara Wojdula, and no reasonable explanation is offered for why those depositions were not taken within the time allowed. The "former employees of SCEDD Development Company" with "knowledge of the underlying transaction" are not identified; there is no explanation of what efforts, if any, were taken to attempt to identify or locate them during the normal discovery period; and there is no indication of whether they have been located or why the defendants believe that they will be located within the extended discovery period requested.

2

The plaintiffs indicate that they did not file a motion for summary judgment within the time allowed for tactical reasons. Motion at ¶10.

A scheduling order "may be modified only for good cause. . . ." Fed. R. Civ. P. 16(b)(4). In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997).

I am persuaded that the parties could have met the scheduling deadlines established in the Scheduling Order if they had exercised reasonable diligence. Consequently, they have failed to establish good cause to extend those deadlines.

IT IS ORDERED that the Motion is DENIED.

Dated March 23, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge