IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00418-BNB-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROHIT SETHI,
CHARLES ELROY VANCURA, a/k/a CHUCK VANCURA, and
JAMES BRYAN VANCURA,

Defendants.

## ORDER

This matter arises on the United States' **Motion for Order Entering Consent Judgment of Defendant Charles Vancura By Plaintiff United States** [Doc. # 78, filed 7/6/2012] (the "Motion"). Although the United States asserts that the Motion is opposed, Motion [Doc. # 78] at ¶23, Charles Vancura has not responded to it. The Motion [Doc. # 78] is GRANTED, and the Clerk of the Court is directed to enter Consent Judgments against Charles Vancura.

The facts underlying this action and the Motion are set out in my Order [Doc. # 75] dated May 4, 2012. At the time of that Order, there was an indication, based on information and belief, that defendant Charles VanCura had "filed for Chapter 7 bankruptcy in Los Angeles, California. . . ." Response [Doc. # 73] at p. 3. The United States acknowledged that Charles VanCura might be entitled to the protections of the automatic bankruptcy stay provided in 11 U.S.C. § 362, if such a bankruptcy was pending. Consequently, I refused to order that judgment be entered against Charles VanCura at that time, allowing the United States an opportunity to investigate the

matter. Order [Doc. # 75] at p. 4. I am now informed by the United States, and Charles VanCura does not dispute it, that "[o]n May 31, 2012, the Bankruptcy Court entered an Order closing Defendant Charles Elroy VanCura's bankruptcy and ordering 'No Discharge.'" Motion [Doc. # 78] at ¶20.

The plaintiff is the United States of America, and jurisdiction exists in this court pursuant to 28 U.S.C. § 1345. Consequently, I have jurisdiction to enforce the Stipulated Settlement Agreement. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 382 (1994)(noting that a federal district court has jurisdiction to enforce a settlement agreement where "there is some independent basis for federal jurisdiction").

It is undisputed that Charles VanCura has breached the Stipulated Settlement Agreement by failing to make the $400,000 payment due on or before December 31, 2011, and by failing to follow the notice and payment plan provisions contained in that agreement. Order [Doc. # 75] at p. 3. The United States, consequently, is pursuing a Consent Judgment against Charles VanCura, as is its right under the terms of the parties' agreement. Stipulated Settlement Agreement [Doc. # 67] at ¶24.

IT IS ORDERED:

(1)     The Motion [Doc. # 78] is GRANTED.

(2)     The Consent Judgment in the form of Exhibit 1 attached hereto shall be entered against Charles Elroy VanCura .

(4)     The Clerk of the Court is directed to enter judgment accordingly.

Dated July 31, 2012.

                                              BY THE COURT:

                                              /s/ Boyd N. Boland
                                              United States Magistrate Judge