IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00418-BNB-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROHIT SETHI,
CHARLES ELROY VANCURA, a/k/a CHUCK VANCURA, and
JAMES BRYAN VANCURA,

Defendants.
_____

**ORDER**
_____

Now pending is **Defendant Rohit Sethi's Amended Motion to Transfer** [Doc. # 113, filed 8/22/2014] (the "Amended Motion to Transfer"), which is DENIED.

The United States commenced this action in February 2008 to collect $1,310,000 owing on a defaulted loan. Complaint [Doc. # 1]. A settlement of the action was reached on September 2, 2012. Pursuant to the Stipulated Settlement Agreement [Doc. # 67] filed with the court:

> 16. Defendant Rohit Sethi, Defendant Charles VanCura, and Defendant James VanCura, jointly and severally, agree to pay the total sum of Five Hundred Twenty-Five Thousand Dollars ($525,000)(the "Settlement Amount") to Plaintiff United States in full and total satisfaction of the full amount due and owing on principal and interest as alleged in Plaintiff United States' Complaint.
>
> \* \* \*
>
> 18. The Settlement Amount shall be paid as follows:
>
> A. The sum of One Hundred Twenty-Five Thousand Dollars ($125,000) shall be paid on or before September 30, 2010;

> B.  The sum of Four Hundred Thousand Dollars ($400,000) shall
> be paid on or before December 31, 2011. . . .

Id. at ¶¶16, 18.  On written notice from a defendant that he is unable to make the $400,000 payment, the Stipulated Settlement Agreement provides that the United States "shall process and formulate a payment plan . . . to pay the full amount of the principal due and owing, *i.e.* One Million Sixty Thousand Dollars ($1,060,000) less any amount paid . . . pursuant to this Stipulated Settlement Agreement."  Id. at ¶22.  Absent either payment of the Settlement Amount or compliance with the requirement to set up a payment plan, the Stipulated Settlement Agreement provides:

> 24.  In the event that an individual Defendant fails to fully and
> completely comply with the terms and conditions referred to in
> paragraphs 18 through 23 of this Stipulated Settlement Agreement,
> Plaintiff United States, at its discretion, shall file and pursue the
> Consent Judgment against the individual Defendant who failed to
> comply with the terms and conditions of this Stipulated Settlement
> Agreement and to execute on the Consent Judgment against said
> individual Defendant.

Id. at ¶24.

It is undisputed that the defendants made the initial payment of $125,000 in September 2012, but they did not make the $400,000 payment due on or before December 31, 2011, nor did they comply with the requirements to set up a payment plan.  Consequently, the United States sought enforcement of the Consent Judgments.  Consent Judgments entered against Rohit Sethi and James Bryan VanCura on May 4, 2012 [Doc. ## 76, 77], and against Charles Elroy VanCura on July 31, 2012 [Doc. # 92].

The United States further alleges, and Mr. Sethi does not contend otherwise, that Mr. Sethi "has not made any payments to satisfy the judgment, which he agreed to more than two

years ago.  All of the payments have come through the Treasury Offset Program, which captures tax refunds or other federal benefits flowing to Sethi."  Response [Doc. # 114] at p. 5; Reply [Doc. # 119] at p. 4.

On August 1, 2014, the United States obtained two writs of garnishment, one against Mr. Sethi's own business and the second against his employer.[1]  On August 19, 2014, Mr. Sethi filed an initial Motion to Transfer [Doc. # 111], which was denied for failure to comply with the conferral requirements of D.C.COLO.LCivR 7.1(a).  Minute Order [Doc. # 112].  Mr. Sethi filed his Amended Motion to Transfer on August 22, 2014.

The Federal Debt Collection Procedure ("FDCPA"), 28 U.S.C. § 3001 et seq.,[2] "provides the exclusive civil procedures for the United States --(1) to recover a judgment on a debt. . . ."  It allows nationwide enforcement of any writ, order, or judgment.  28 U.S.C. § 3004(b)(1)(A).

Mr. Sethi's Amended Motion to Transfer [Doc. # 113] is premised on 28 U.S.C. § 3004(b)(2), which provides:

> If the debtor so requests, within 20 days after receiving the notice [of enforcement proceedings], the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides.

It is undisputed that Mr. Sethi resides in the District of New Jersey and not in the District of Colorado.

---

[1]A third writ of garnishment was obtained on September 3, 2014, against Mr. Sethi's bank accounts.  Reply [Doc. # 119] at p. 7.

[2]Not to be confused with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.  Cf. Federal Trade Comm. v. Affiliate Strategies, Inc., 2012 WL 2449869 *1 (D. Kan. June 26, 2012)(mistakenly referring to the "Fair Debt Collection Practices Act").

Some courts have held that the transfer provision of § 3004(b)(2) is mandatory. See, e.g., United States v. Nash, 175 F.3d 440, 442 (6th Cir. 1999) (holding that "[b]ecause the plain language of this statute is mandatory, the district court must grant such a transfer as long as it is made in a timely manner"). The great bulk of authority is to the contrary, however. The leading case is United States v. Mathews, 793 F. Supp. 2d 72 (D.D.C. 2011), where the court noted that, "at first blush," a transfer under § 3004(b)(2) "appears mandatory," but ruled:

> [T]he FDCPA's transfer provision is not mandatory. Instead, this provision merely operates to shift the burden from the party requesting transfer--on whom the burden ordinarily rests in civil and criminal matters--to the party opposing transfer. . . .
>
> [T]his does not end the analysis, for the FDCPA also grants district courts plenary authority to make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the statute. Accordingly, the Court concludes that, notwithstanding the "shall be granted" language of Section 3004(b)(2), the FDCPA's grant of plenary authority to district courts to deny, limit, condition, regulate, extend, or modify the use of any enforcement procedure clearly allows a court to deny a timely transfer motion for good cause, and good cause to deny transfer ordinarily would exist where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments.

Id. at 75 (internal quotations and citations omitted).

The Mathews court denied the motion to transfer, finding that the government had established good cause for the denial because the defendant resided at the same address as when the judgment entered, did not dispute that money was owed to the United States, did not assert that the money to be garnished was exempt, and asserted "no substantive basis for contesting the garnishment proceedings against her." Id. at 76. In short, the defendant was merely attempting "to delay or frustrate the United States' efforts to collect on her restitution judgment." Id.

4

(internal quotations omitted).  Accord EEOC v. 5042 Holdings Ltd., 2013 WL 1636577 *6 (N.D. W. Va. Apr. 16, 2013)(holding that transfer "is not mandatory" and finding good cause to deny the motion because the defendant had "utterly failed to comply with the payment schedule mandated by the consent decree" and was attempting to delay and frustrate the government's collection efforts); Federal Trade Comm. v. Affiliate Strategies, Inc., 2012 WL 2449869 **1-2 (D. Kan. June 26, 2012)(noting that "[m]ost courts have concluded that [§ 3004(b)(2)] is not mandatory" and finding that the FTC had established good cause to deny transfer to the District of Oregon because transfer would be "overly burdensome for Plaintiffs," an appeal on the merits of the judgment was pending in the Tenth Circuit Court of Appeals, the defendant resided outside the District of Kansas for the entirety of the underlying proceedings but was able to attend court hearings, and the defendant did not contest that the debt is owed); United States v. LaFaive, 2011 WL 1296200 *4 (N.D. Ind. Mar. 31, 2011)(finding that § 3004(b)(2) is not mandatory and allowing the government an opportunity to demonstrate good cause in opposition to the motion to transfer); United States v. Nettles, 2011 WL 1059111 *2 (S.D. Alabama Mar. 23, 2011)(holding that § 3004(b)(2) is not mandatory in view of 28 U.S.C. § 3013 and its grant to district courts of the "plenary authority to make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the FDCPA," but granting the motion to transfer because the United States had failed to show that transfer would "curtail or limit the United States' efforts to collect the restitution judgment"); United States v. Gipson, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010)(holding that "[i]n sum, a debtor is ordinarily entitled to transfer of a FDCPA collection proceeding to the debtor's district of residence upon a timely motion under § 3004(b)(2)," but "a district court may, for good cause,

deny the motion to transfer, and transfer typically should be denied where the fact-specific circumstances of the collection proceeding show that granting the request would frustrate the government's efforts to collect," and granting the motion to transfer); and United States v. Woods, 2010 WL 2510083 (E.D.N.C. Apr. 9, 2010)(holding that § 3004(b)(4) "is in the nature of a venue provision and is not jurisdictional," that it is not mandatory, and that judicial economy supported denial of the motion to transfer).

Although the government argues to the contrary, I find that the request to transfer is timely.  Mr. Sethi's initial Motion to Transfer [Doc. # 111] was filed within 20 days but was denied on a technicality.  The Amended Motion to Transfer [Doc. # 113] must, in good conscience, relate back to the date of the initial motion.

However, the government has established good cause to deny the motion.  It is apparent that Mr. Sethi is engaged in a pattern of conduct intended to delay or frustrate the United States' efforts to collect on its judgment.  He failed to make the $400,000 payment when due; failed to avail himself of the process under the Stipulated Settlement Agreement to set up a payment plan; and failed to make any voluntary payment on the judgment whatsoever.  He resided in the District of New Jersey throughout the underlying proceedings and never attempted to change venue until the government initiated collection efforts through writs of garnishment.  He does not dispute that money is owed under the Consent Judgment; does not assert that the funds sought to be garnished are exempt; and has not demonstrated any substantive basis for contesting the garnishment proceedings against him.  The debt is owed jointly and severally by all three defendants, and it would be inefficient and unreasonable to split the collection efforts among various jurisdictions .

IT IS ORDERED that the Amended Motion to Transfer [Doc. # 113] is DENIED.

Dated September 18, 2014.

                                BY THE COURT:

                                  s/ Boyd N. Boland
                                United States Magistrate Judge