IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00418-KLM-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROHIT SETHI,
CHARLES ELROY VANCURA, also known as Chuck Vancura, and
JAMES BRYAN VANCURA,

    Defendants.

BANK OF AMERICA,
JERSEY HEMEONC LLC,
RUBICS WORLDWIDE LLC, and
TOYOTA MOTOR NORTH AMERICA, INC.,

    Garnishees.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Customer's Motion to Quash Subpoena of Financial Information** [#148],[1] filed by Tracy S. VanCura ("Ms. VanCura") ("Ms. VanCura's Motion"), and on the **Customer's Motion to Quash Subpoena of Financial Information** [#149], filed by Defendant James Bryan VanCura ("Defendant J. VanCura") ("Defendant J. VanCura's Motion") (collectively, the "Motions"). The United States filed a combined

---

[1] "[#148]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Response [#151], opposing the Motions; Ms. VanCura and Defendant J. VanCura did not file Replies. The Court has reviewed the Motions [#148, #149], the Response [#151], the case record, and the applicable law. Accordingly, the Court is fully advised in the premises. For the reasons set forth below, the Motions [#148, #149] are **DENIED**.

## I. Background

On February 28, 2008, the United States sued Defendant J. VanCura and two others not at issue in the present Motions, alleging, in part, that Defendant J. VanCura failed to honor an Unconditional Guarantee of a note securing a defaulted Small Business Administration Loan. *Compl.* [#1] ¶¶ 102-110. As part of a Stipulated Settlement Agreement, Defendant J. VanCura executed a Consent Judgment obligating Defendant J. VanCura to pay the United States $1,310,000, with post-judgment interest. *Stipulated Settlement Agreement* [#67] ¶ 13; *Consent Judgment* [#77] at 1. After Defendant J. VanCura breached the Settlement Agreement, the Court entered the Consent Judgment. *Am. Motion for Order Entering Consent Judgments* [#72] at 5; *Order* [#75] at 3-4. Although the United States sent Defendant J. VanCura a payment plan, Defendant J. VanCura failed to make a payment. *Response* [#151] at 2 ¶ 7; *Pl.'s Ex. 3* [#151-3]. Through the Treasury Offset Program, the United States applies 15% of Defendant J. VanCura's wages to Defendant J. VanCura's debt. *Response* [#151] at 2 ¶ 7 n.1. Approximately $1,000,000 of Defendant J. VanCura's debt remains unpaid. *Id.* at 3 ¶ 9; *Pl.'s Ex. 6* [#151-6]. Defendant J. VanCura has not complied with the United States' discovery requests, nor has Defendant J. VanCura provided the United States with updated financial information since August 2012, despite the United States' request. *Response* [#151] at 2 ¶ 7, 3 ¶ 8; *Pl.'s Ex.*

*5* [#151-5].

In November 2018, Provident Funding Associates, LLP ("Provident") informed the United States of Defendant J. VanCura's attempts to refinance the mortgage on Defendant J. VanCura's property at 7311 Sylamore Way, Falcon, Colorado 80831 (the "Falcon Property"). *Response* [#151] at 3 ¶ 10. As part of a potential refinancing, Provident asked the United States to subordinate its lien on the Falcon Property to Provident's loan. *Id.* The United States agreed, subject to several conditions. *Id.* Thereafter, Provident provided the United States with a copy of the Loan Estimate, reflecting Provident's compliance with the United States' conditions. *Id.* at 3 ¶ 11; *see also Pl.'s Ex. 7* [#151-7]. Alongside Defendant J. VanCura, the Loan Estimate identifies Ms. VanCura as an applicant.[2] *Pl.'s Ex.* 7 [#151-7] at 7.

Comparing the Loan Estimate with Defendant J. VanCura's most recent Financial Statement of Debtor ("Financial Statement"), the United States noticed that Defendant J. VanCura provided different addresses. *Response* [#151] at 3 ¶ 11; *Pl.'s Ex. 2* [#151-2]. While the Loan Estimate provides the Falcon Property's address, the Financial Statement instead provides 11815 Murphy Road, Elbert, Colorado 80106 (the "Elbert Property"). *Pl.'s Ex. 2* [#151-2] at 1. The Court notes the Motions also provide the Elbert Property's address. *Defendant J. VanCura's Motion* [#149] at 2; *Ms. VanCura's Motion* [#148] at 2. Corresponding with Provident, the United States inquired whether Defendant J. VanCura actually resides at the Falcon Property and whether Defendant J. VanCura disclosed any

---

[2] The Motions [#148, #149] do not elucidate the nature of Ms. VanCura's relationship with Defendant J. VanCura.

other assets during the course of Defendant J. VanCura's attempts to refinance the Falcon Property's mortgage. *Pl.'s Ex. 8* [#152-8] at 2. The United States received a reply stating only that Provident could not proceed with refinancing the Falcon Property's mortgage. *Response* [#151] at 4 ¶ 12; *Pl.'s Ex. 8* [#151-8] at 1.

Attempting to clarify Defendant J. VanCura's financial condition and asset holdings, the United States issued a Subpoena, directing Provident to produce "[a]ll records related to the refinancing of the mortgage for property located at 7311 Sylamore Way, Falcon, CO 80831, on or about November 2018." *Response* [#151] at 4 ¶ 13; *Pl.'s Ex. 9* [#151-9] at 1, 4. Since the Loan Estimate identifies Ms. VanCura as an applicant and Provident may, therefore, incidentally disclose Ms. VanCura's financial information in responding to the Subpoena, the United States sent Ms. VanCura a copy of the Subpoena and the required Right to Financial Privacy Act ("RFPA") notice ("RFPA Notice"). *Response* [#151] at 4 ¶ 13; *Pl.'s Ex. 7* [#151-7] at 7; *Pl.'s Ex. 9* [#151-9] at 1-5, 9-13; 12 U.S.C. § 3407.

In December 2018, Ms. VanCura and Defendant J. VanCura filed the Motions, moving to quash the Subpoena under the RFPA's "customer challenges" provisions, 12 U.S.C. § 3410, and citing "the financial institution [sic] rejection of my application of mortgage rate adjustment" and "[t]he request for rate adjustment was denied," respectively. *Ms. VanCura's Motion* [#148] at 2; *Defendant J. VanCura's Motion* [#149] at 2. The United States filed a combined Response [#151], opposing the Motions; Ms. VanCura and Defendant J. VanCura did not file Replies.

## II. Analysis

The Federal Debt Collection Practices Act ("FDCPA"), codified at 28 U.S.C. §§

3001–3308 (2018), provides—to the extent not inconsistent with another Federal law—the "exclusive civil procedures for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a)-(a)(1). According to the FDCPA, the Court may enforce a judgment against "[a]ll property in which the judgment debtor has a substantial nonexempt interest," *id.* § 3203(a), defining "property" to include "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held." *Id.* § 3002(12).

To aid in execution against the judgment debtor, the "United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." *Id.* § 3015(a). Federal Rule of Civil Procedure 69(a), in turn, permits "discovery from any person—including the judgment debtor—as provided in these [R]ules." Although the RFPA, codified at 12 U.S.C. §§ 3401-3423 (2018), establishes specific procedures the United States must follow to obtain information from a financial institution about a customer's financial records, the RFPA also reinforces the FDCPA's discovery provisions, expressly exempting from RFPA protections financial records "sought by a Government authority under the Federal Rules of Civil . . . Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties."[3]

---

[3] "Customer," under the RFPA, means "any person . . . who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." 12 U.S.C. § 3401(5).

As discussed, *infra*, the Court concludes that the RFPA does not apply to Defendant J. VanCura's financial records, given Defendant J. VanCura's status as both the judgment debtor and a party to the present litigation.

12 U.S.C. § 3413(e).

As relevant here, the RFPA permits the United States to obtain from a financial institution a non-party customer's financial records, pursuant to a subpoena, if "such subpoena is authorized by law and there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry."[4]  *Id.* § 3407(1); *see, e.g.*, *Fed. Trade Comm'n v. Kutzner*, No. SA CV 16-00999 BRO (AFMx), 2016 WL 9282403 (C.D. Cal. Nov. 16, 2016); *Neuhaus v. SEC*, No. MISC 07-0025 FCD GGH, 2007 WL 1322340, at *2 (E.D. Cal. May 4, 2007) ("RFPA is the exclusive means by which 'government authority' can acquire financial records of a non-party 'customer' (individual) via a judicial subpoena from a 'financial institution' . . .. [O]rdinary discovery rules apply to parties in an action.").

To obtain from a financial institution a non-party customer's financial records, the United States must provide the customer with a copy of the subpoena, a "notice . . . stat[ing] with reasonable specificity the nature of the law enforcement inquiry," and opportunity to object.  12 U.S.C. § 3407(2)-(3).  To object to the United States' subpoena, a customer must comply with several procedural provisions such as, within "ten days . . . from the date of service or fourteen days from the date of mailing of the notice," filing "a sworn statement and motion to quash in an appropriate court."  *Id.* § 3407(3).  The "sworn statement" must state "that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought" and "the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law

---

[4] "Law enforcement inquiry," under the RFPA, means "a lawful investigation or official proceeding inquiring into a violation of, or failure to comply with, any criminal or civil statute or any regulation, rule, or order issued pursuant thereto."  12 U.S.C. § 3401(8).

enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of [the RFPA]." *Id.* § 3410(a)(1)-(2). The statutory template for the RFPA Notice also invites the customer to provide "any other legal basis for objecting to the release of the records." *Id.* § 3407(2).

If the Court finds that "the applicant is the customer to whom the records sought by the Government authority pertain, and that there is not a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry, or that there has not been substantial compliance with the provisions of this chapter, it shall order the process quashed." *Id.* § 3410(c); *see, e.g.*, *Penalosa v. Dep't of Defense*, No. 15-mc-00049-RM, 2015 WL 1598088, at *3 (D. Colo. Apr. 8, 2015) (denying motion to quash after finding "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry" (citation omitted)).

The Court first considers Defendant J. VanCura's Motion [#149], finding that RFPA does not cover Defendant's financial records. The Court next considers Ms. VanCura's Motion [#148], finding that Ms. VanCura's Motion does not comply with the RFPA's "customer challenge" procedural provisions. 12 U.S.C. § 3410(a). Even if Ms. VanCura's Motion [#148] complies with the RFPA's "customer challenge" procedural provisions, however, the Court finds that Ms. VanCura's Motion relies on neither of the grounds specified by the RFPA for objecting to the United States' Subpoena, namely that "the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice" and "that there has not been substantial

compliance with the provisions of [the RFPA]." *Id.* § 3410(c).  Finally, the Court finds that Ms. VanCura's Motion [#148] does not rely on "any other legal basis for objecting to the release of the records." *Id.* § 3407(2).

**A.     Defendant J. VanCura's Motion**

Defendant J. VanCura moves to quash the United States' Subpoena under the RFPA's "customer challenge" provisions, on grounds that "[t]he request for rate adjustment was denied." *Defendant J. VanCura's Motion* [#149] at 2.  The United States responds that, given Defendant J. VanCura's status as both the judgment debtor and a party to the present litigation, the RFPA does not cover Defendant J. VanCura's financial records. *Response* [#151] at 7.

Indeed, the FDCPA provides that the "United States may have discovery regarding the *financial condition of the debtor* in the manner in which discovery is authorized by the Federal Rules of Civil Procedure."  28 U.S.C. § 3015(a) (emphasis added).  Federal Rule of Civil Procedure 69(a), in turn, permits "discovery from any person—including the judgment debtor—as provided in these [R]ules."  Contrary to the assumption underlying Defendant J. VanCura's Motion [#149], the RFPA explicitly exempts financial records "sought by a Government authority under the Federal Rules of Civil . . . Procedure or comparable rules of other courts in connection with litigation to which the Government authority and the customer are parties" from RFPA protections.  12 U.S.C. § 3413(e).

In the present litigation, the United States seeks discovery regarding Defendant J. VanCura's financial condition and asset holdings under the FDCPA and Federal Rules of Civil Procedure.  *See, e.g.*, *Response* [#151] at 8.  The Court finds, therefore, that the

RFPA does not cover Defendant J. VanCura's financial records. In the absence of a legitimate basis to object to the Subpoena under the RFPA, Defendant J. VanCura's Motion [#149] is **denied**.

**B.     Ms. VanCura's Motion**

Ms. VanCura moves the Court to quash the United States' Subpoena under the RFPA's "customer challenge" provisions due to "the financial institution [sic] rejection of my application of mortgage rate adjustment." *Ms. VanCura's Motion* [#148] at 2. The United States responds that Ms. VanCura's Motion [#148] does not comply with the RFPA's "customer challenge" procedural provisions and, even if Ms. VanCura's Motion does comply, Ms. VanCura "neither asserts that 'the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the [United States] in its notice,' nor asserts 'that there has not been substantial compliance with the provisions of [the RFPA],'" as required. *Response* [#151] at 7-8 (citation omitted). Finally, the United States argues that the Court should deny Ms. VanCura's Motion [#148] because, on the merits, "the United States has substantially complied [with the RFPA's provisions] and . . . the information is relevant to a legitimate law enforcement inquiry." *Id.* at 8.

The second page of Ms. VanCura's Motion does not qualify as a "sworn statement" required by the RFPA's "customer challenge" procedural provisions, containing no evidence that Ms. VanCura made the statement under oath or penalty of perjury. *See Ms. VanCura's Motion* [#148]. As the United States notes, the second page of Ms. VanCura's Motion [#148] also does not assert that Ms. Vancura "is a customer of the financial institution from which financial records pertaining to [her] have been sought," as required,

although the Court agrees that "one could surmise that [Ms. VanCura] is." *Response* [#151] at 7; 12 U.S.C. § 3410(a)(1).  Additionally, the Court notes that Ms. VanCura apparently did not comply with the RFPA's filing deadlines, which require a customer to file a motion to quash a judicial subpoena "within fourteen days of mailing." *Id.* § 3410(a).  The United States issued the Subpoena on November 29, 2018, while Ms. VanCura filed Ms. VanCura's Motion with the Court on December 14, 2018.  *Response* [#151] at 3 ¶ 13; *Pl.'s Ex. 9* [#151-9] at 9; *Ms. VanCura's Motion* [#148] at 1.  The Court finds, therefore, that Ms. VanCura's Motion [#148] does not comply with the RFPA's "customer challenge" procedural provisions.  12 U.S.C. § 3410(a).

Even if Ms. VanCura's Motion complied with the RFPA's "customer challenges procedural provisions, however, Ms. VanCura states only "the financial institution [sic] rejection of my application of mortgage rate adjustment" as the reason why the Court should quash the United States' Subpoena.  *Ms. VanCura's Motion* [#148] at 2.  Indeed, the Court finds that Ms. VanCura relies on neither of the grounds specified by the RFPA for objecting to the United States' subpoena, namely that "the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice" or "that there has not been substantial compliance with the provisions of [the RFPA]." *See id.*; 12 U.S.C. § 3410(c).

Taking Ms. VanCura to argue that Provident's rejection of Defendant J. VanCura's attempt to refinance the mortgage on the Falcon Property makes the information Defendant J. VanCura provided during the attempt irrelevant, however, Ms. VanCura's reason does not withstand scrutiny.  Given Defendant J. VanCura's failure to comply with discovery

requests, provide financial disclosures, and make a payment on approximately $1,000,000 in debt, the information Defendant J. VanCura provided during the attempt remains "relevant" to the United States' attempt to clarify Defendant J. VanCura's financial condition and asset holdings. *Response* [#151] at 2 ¶ 7, 3 ¶ 8; 12 U.S.C. § 3410(a). Having parsed Ms. VanCura's reason why the Court should quash the United States' Subpoena, furthermore, the Court finds that Ms. VanCura's Motion [#148] does not rely on "any other legal basis for objecting to the release of the records," which the statutory template for the RFPA Notice invites the customer to provide. 12 U.S.C. § 3407(2).

The Court acknowledges some ambiguity as to whether the United States' attempt to clarify Defendant J. VanCura's financial condition and asset holdings qualifies as a "legitimate *law enforcement* inquiry," pursuant to the RFPA's definition.[5] 12 U.S.C. § 3401(8) (emphasis added). The Court notes, furthermore, an almost complete absence of precedent addressing the interaction between the RFPA's protections and subpoenas in aid of collecting on judgments. The Court need not reach the "legitimate law enforcement inquiry" question, however, given that Ms. VanCura's Motion [#148] does not comply with the RFPA's "customer challenge" procedural provisions, discussed *supra*. *Id.* § 3410(a). The Court need not reach the "legitimate law enforcement inquiry" question, furthermore, given that Ms. VanCura's Motion [#148] relies on neither of the grounds specified by the RFPA for objecting to the United States' subpoena, discussed *supra*. *Id.* § 3410(c). Considering that Ms. VanCura's Motion [#148] does not rely on "any other legal basis for objecting to the release of the records," finally, Ms. VanCura's Motion is **denied**.

---

[5] *See supra* note 4.

*Id.* § 3407(2).

### III. Conclusion

Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motions [#148, #149] are **DENIED**.

IT IS FURTHER **ORDERED** that Provident Funding Associates, LLP shall comply with the United States' Subpoena, producing "[a]ll records related to the refinancing of the mortgage for property located at 7311 Sylamore Way, Falcon, CO 80831, on or about November 2018." *Subpoena* [#151-9] at 1, 4. Accordingly, the United States may open the "Federal Express shipment from Provident [received] on December 20, 2018." *Response* [#151] at 5 n.4.

Dated: April 2, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge